UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUNLIGHT SUPPLY, INC., | ) | CASE NO. 5:16CV324 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ALADDINSLIGHTS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Sunlight Supply, Inc. has moved for judgment by default on its complaint against defendant Aladdinslights, Inc. (Doc. No. 15). Defendant has not responded to the motion.

Rule 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

On February 11, 2016, plaintiff filed the present litigation. (Doc. No. 1 ["Compl."].) A review of the docket reveals that defendant has failed to answer or otherwise respond to the complaint. Pursuant to Rule 55(a), the Clerk of Courts of this District properly entered default on June 7, 2013. (Non-document Order, dated June 7, 2016; *see* Doc. No. 13 (Application for Entry of Default).)

Rule 55(b)(2) governs the Court's consideration of a motion for default, and provides, in relevant part:

> [t]he party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a

representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury—when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(B)(2). Defendant failed to defend against the complaint, and the time for raising such defense has passed. As a corporation, defendant is clearly not an infant or an incompetent person.[1] (Compl. ¶ 7.) Plaintiff, therefore, is entitled to a default judgment and its motion for such relief is hereby **GRANTED**.

In this diversity action, plaintiff's complaint seeks damages from defendant flowing from the alleged breach of a contract for lighting and other growing equipment. Specifically, plaintiff alleges that defendant failed to pay for goods and services plaintiff provided to defendant. (*Id*. ¶¶ 9-10.) Appended to the complaint as Exhibit B is a copy of the Business Application and Agreement for Credit, entered into between plaintiff and defendant. (Doc. No. 1-2 ("Credit Agreement").) The Credit Agreement provides for an annual percentage range of 18%. (*Id*. at 10.)

In its motion, plaintiff seeks the sum of $214,858.34 representing contractual damages, plus interest at the contractual rate of 18% per annum from April 1, 2016, attorney's fees in the

---

[1] On April 8, 2016, defendant filed a motion to permit its counsel, attorney Thomas Loepp, to withdraw from the case and to afford defendant an additional 60 days in which to retain new counsel and answer or otherwise respond to the complaint. (Doc. No. 6.) The court granted the motion, in part, and afforded defendant leave until May 23, 2016 to respond to the complaint. On May 23, 2016, Bruce Jenkins, defendant's president, filed a motion requesting an additional 45 days in which to respond to the complaint. (Doc. No. 8.) On May 26, 2016, the Court entered an order advising defendant that, as a corporation it could only appear in federal court through an attorney. (Doc. No. 10.) Noting that there was nothing in the record to establish that Mr. Jenkins was a licensed attorney, the Court further advised defendant it would strike its motion for an extension unless it "promptly files an answer or a motion signed by an attorney, but in any event, no later than June 3, 2016." (*Id*. at 49.) The record reflects that defendant has neither filed an answer to the complaint nor requested an extension of time through a motion filed by a licensed attorney, and the time for doing so has expired.

amount of $4,218.00, and court costs in the amount of $400.00. Plaintiff supports its entitlement to damages with the affidavit of Robert Watt, Corporate Credit Manager for plaintiff, who attests that, under the terms of the parties' business arrangement, defendant owes plaintiff $214,858.34. (Doc. No. 15-1 ("Watt Affidavit") ¶ 8.) In support, Mr. Watt attests to the accuracy of an itemized statement of transactions, appended to the complaint as Exhibit A, between plaintiff and defendant showing this outstanding balance. (*Id.* ¶ 5.) According to Mr. Watt, this amount takes into consideration the last payment received by plaintiff from a third party on defendant's behalf on April 1, 2016. (*Id.* ¶ 8,[2]) Mr. Watt further avers that the Credit Agreement, appended to the complaint, is a true and accurate copy of the parties' agreement regarding payment for good provided and services rendered. (*Id.* ¶ 9.) The Court finds that plaintiff has sufficiently established its entitlement to damages from defendant. Additionally, the court finds that plaintiff has demonstrated that it is entitled to interest at the contractual rate of 18% per annum.

Consideration of plaintiff's request for fees is made using the "lodestar" approach. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). In making the lodestar calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-434. "The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed."[3] *Id.*

---

[2] Mr. Watt's affidavit contains two paragraphs numbered "8". (*See id.*).

[3] Once the lodestar is calculated, the fee may be adjusted after considering: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430, n.3.

Plaintiff's request for attorney's fees and costs is supported by the affidavit of attorney Jeffrey L. Koberg. (Doc. No. 15-2 ("Koberg Affidavit").) The affidavit provides that, pursuant to the terms of the Credit Agreement, plaintiff is entitled to attorney's fees and costs as the prevailing party in a claim under the agreement. (*Id*. ¶ 6.) A billing summary appended to the affidavit as Exhibit 1, in which the work performed, the rate charged, and the time spent on each activity is set forth in specific detail. (Doc. No. 15-2, beginning at 66.) The Court finds that the hours expended and rates charged are reasonable. Additionally, the Court finds that plaintiff has properly support its request for costs. (*Id*. ¶ 6.)

Based on the foregoing, it is **ORDERED, ADJUDGED** and **DECREED** that judgment shall be entered against defendant and in favor of plaintiff in the amount of $219,476.34, representing $214,858.34 in damages, $4,218.00 in attorney's fees, and $400.00 in court costs, and interest from April 1, 2016 at 18 % per annum.

**IT IS SO ORDERED**.

Dated: July 13, 2016

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**